UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY SCOTT MORROW, JR.,

Plaintiff,

v.

T. HEISHMAN; LT. B. MEYERS; CPT.
MCCULLUM; M.H.L. ROGERS; C.W.M. T.
HAMRICK; and MICKY RUSH,

Defendants.

CAUSE NO. 3:25-CV-211-TLS-AZ

**OPINION AND ORDER**

Timothy Scott Morrow, Jr. a prisoner without a lawyer, is proceeding in this case:

against D.I.I. T. Heishman, MHL Rogers, Lieutenant B. Meyers, Captain McCullum, Casework Manager T. Hamrick, and Shift Supervisor [Micky Rush] in their individual capacities for compensatory and punitive damages for failing to protect him from a serious risk of harm from his cellmate by denying his August 27, 2024, Protective Custody Request, resulting in him being assaulted on August 28, 2024, in violation of the Eighth Amendment.

ECF No. 8 at 5.[1] Specifically, Morrow alleged in his Complaint that the Defendants failed to protect him from an attack by his cellmate on August 28, 2024. *Id*. at 2. On January 2, 2026, the Defendants filed a Motion for Summary Judgment [ECF No. 32], arguing Morrow did not exhaust his available administrative remedies before filing this lawsuit. With the motion, the Defendants provided Morrow with the notice required by Northern District of Indiana Local Rule 56-1(a)(4). ECF 35. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1. *See id*.

Pursuant to Northern District of Indiana Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a

---

[1] The Defendants identified Defendant Shift Supervisor John Doe as Micky Rush in their Answer. *See* ECF No. 18, p. 1.

response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. N.D. Ind. L.R. 56-1(b). This deadline passed over two months ago, but Morrow has not filed a response. Therefore, the Court will now rule on the Defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "To determine whether there is a genuine issue of material fact, [the] court[] construe[s] all facts in the light most favorable to the non-moving party and draw[s] all reasonable and justifiable inferences in favor of that party." *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003) (citation omitted). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010) (citation omitted).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015) (citations omitted). The law "take[s] a strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (quoting *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)). "[T]o

exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

The Defendants provide an affidavit from the Grievance Specialist at Miami Correctional Facility (MCF) and Morrow's grievance records, which show the following facts: (1) during all relevant times, an Offender Grievance Process was in place at MCF and available to Morrow. ECF 34-1, ¶¶ 5, 38; (2) the Offender Grievance Process required Morrow to complete three steps before filing this lawsuit: (a) a formal written grievance, (b) appeal to the warden, and (c) appeal to the Department Grievance Manager, *id.*, ¶ 6; (3) on September 7, 2024, Morrow submitted a grievance related to the August 28, 2024 incident, *id.,* ¶ 25; ECF 34-4; (4) the grievance office rejected the grievance for failure to comply with the Offender Grievance Process by raising multiple unrelated issues in a single form, including classification, the status of his bed location, and disposition of his property in addition to some events in his Complaint, ECF No. 34-1, ¶ 27; *see* ECF No. 34-2, p. 9 of 15 (providing that the grievance shall relate to only one issue or event); (5) the Grievance Specialist issued an official response to Morrow for correction on December 9, 2024, ECF No. 34-1, ¶ 30; (6) Morrow did not revise his grievance, *id.*, ¶ 31; (7) Morrow's grievance only mentioned Defendant Rush to say that he ordered staff to take him to medical to address his injury, *id.*, ¶ 35; ECF No. 34-4, p. 1; (8) his grievance did not mention Defendants Heishman, Myers, McCullum, Rogers, or Hamrick, ECF No. 34-1, ¶ 36; ECF No. 34-4; and (9) Morrow continued to submit additional grievances, but the grievance office never received any other grievances or communications from Morrow that mentioned the Defendants or his concern about their failure to protect him, ECF No. 34-1, ¶ 37. Because Morrow has not responded to the Defendants' summary judgment motion, the Court accepts these facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's

assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

Here, the Defendants have provided undisputed evidence Morrow did not fully exhaust any relevant grievance before filing this lawsuit. Specifically, it is undisputed Morrow submitted a grievance related to the August 28 incident, and the grievance office properly rejected this grievance because it was submitted with other issues. It is also undisputed that Marrow did not correct the grievance and that the grievance did not mention that the Defendants failed to protect him from the August 28 attack by his cellmate. The record contains no evidence Morrow submitted any other relevant grievance or his administrative remedies were in any way unavailable. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) ("[W]hen the prisoner causes the unavailability of the grievance process by simply not filing a grievance in a timely manner, the process is not unavailable but rather forfeited."). Therefore, the Defendants have met their burden to show Morrow did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment is warranted in their favor.

For these reasons, the Court:

(1) GRANTS the Defendants' Motion for Summary Judgment [ECF No. 32]; and

(2) there being no claims remaining between any parties, the Court DIRECTS the Clerk of Court to ENTER FINAL JUDGMENT stating:

> Final judgment is entered in favor of Defendants T. Heishman, Lt. B. Meyers, Cpt. McCullum, M.H.L. Rogers, C.W.M. T. Hamrick, and Micky Rush and against the Plaintiff Timothy Scott Morrow, Jr., who takes nothing by his Complaint.

SO ORDERED on May 14, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

4